

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2006

# Myrie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2767

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Myrie v. Atty Gen USA" (2006). *2006 Decisions*. Paper 163.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/163

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No: 05-2767


CLAUDE MYRIE


v.


ATTORNEY GENERAL OF THE UNITED STATES

Petition for review of Order of the Board of Immigration Appeals
(A75-805-924)
Initially docketed as an Appeal from the United States District Court for the
District of New Jersey prior to enactment of the REAL ID Act
(D. C. No. 05-cv-02312)


Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2006


Before: McKEE, AMBRO, and NYGAARD, *Circuit Judges*


(Opinion filed: November 22, 2006)

McKEE, *Circuit Judge*

Claude Myrie petitions for review of the decision of the Board of Immigration

Appeals. The BIA denied his appeal of the Immigration Judge's decision because it was

1

untimely. Myrie argues that he received the Immigration Judge's order after the time for appeal and that the BIA's denial of his appeal because it was untimely denies him due process. He also claims that the Immigration Judge erred in his initial ruling by denying relief under Section 212(c) of the former Immigration and Nationality Act.[1]. Lastly, Myrie argues that his conviction for aggravated manslaughter does not constitute an "aggravated felony" or a crime of violence for purposes of his removal. For the reasons that follow, we will dismiss Myrie's petition for review.[2]

## I.

Since we write primarily for the parties who are familiar with this case, we need not reiterate the procedural or factual background of this appeal except insofar as may be helpful to our brief discussion.

Following the Supreme Court decision in *INS v. St. Cyr*, 533 U.S. 289 (2001), Myrie filed a *pro se* petition to re-open his case in order to apply for relief from removal under Section 212(c). He argued that he had not yet served five years of his sentence in 1998 when he had his removal hearing, and he was therefore eligible for § 212(c) relief. The IJ concluded that he was ineligible for an equitable waiver under § 212(c) even after *INS v. St. Cyr*. Myrie's subsequent appeal to the BIA was denied as untimely. After the BIA refused to reconsider, Myrie petitioned for a write of habeas corpus in the United

---

[1]Section U.S.C.S. 1182(c) was repealed by the Illegal Immigration Reform and Immigration Responsibility Act in 1996 ("IIRIRA").

[2] We need not address Myrie's claim that the delay in receiving the IJ's order denied him due process of law because the substance of his claim is without merit.

States District Court for the District of New Jersey. That petition was transferred to this court for consideration as a petition of review pursuant to the REAL ID Act. *See Kamara v. INS*, 420 F.3d. 202 (3d. Cir., 2005).

## II.

In *St. Cyr*, the Court explained that § 212(c) continues to provide relief for certain deportable aliens "whose convictions were obtained through plea agreements and who, not withstanding those convictions, would have been eligible for §212(c) relief at the time of their plea under the law then in effect." 533 U.S. at 326; *see also Ponnapula v. Ashcroft*, 373 F.3d 480, 482 (3d Cir. 2004). However, § 212(c) does not provide relief "to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years." 8 U.S.C.S. 1182©). Myrie falls squarely into this category of ineligible aliens, and is therefore not eligible for a § 212©) waiver.

The alien in *St. Cyr* was deportable because of a prior felony conviction for selling a controlled substance, but he was nevertheless eligible to apply for a § 212(c) waiver because applying the repeal of 212(c) to him violated the Ex Post Facto Clause. 533 U.S. at 294. The Supreme Court explained that "IIRIRA's elimination of any possibility of §212(c) relief for people who entered into plea agreements with the *expectation that they would be eligible for such relief* clearly attaches a new disability in respect to transactions or considerations already past." 533 U.S. at 321 (internal quotation marks and citations omitted) (emphasis added).

3

Unlike the petitioner in *St. Cyr*, Myrie knew that his plea exposed him to a period of incarceration that would make him ineligible for a § 212(c) waiver when he entered his guilty plea. Myrie either knew that he would serve a sentence of at least eleven years, or that he could receive the statutory maximum period of incarceration that was far in excess of the five year limitation on § 212(c) relief.[3] Accordingly, the repeal of § 212 (c) did not have an *ex post facto* effect on him; it is, in fact irrelevant to one in Myrie's position.

Myrie's situation is therefore also distinguishable from that of the petitioner in *Ponnapula v. Ashcroft* because the latter could claim reasonable reliance on the availability of § 212©). *See* 373 F.3d at 484. Myrie's claim for relief under § 212©) is identical to the argument we rejected in *DiPeppe v. Quarantillo,* 337 F.3d 326 (3d Cir. 2003). Myrie, like DiPeppe, was "clearly not eligible for a discretionary waiver once the court sentenced [him] to a period of incarceration that mandated [his] imprisonment for more than five years." *Id*. at 332. Since Myrie was ordered to serve at least 11 years of a twenty-five year sentence in prison, he is not eligible for § 212(c) for relief. *See Id*.[4]

---

[3] It is not readily apparent from this record whether Myrie's plea was negotiated or "open." However, it doesn't matter for purposes of our analysis. If he entered a negotiated plea, he clearly knew that he would be imprisoned for at least eleven years; if he entered an open plea, he knew that he could receive a sentence of imprisonment up to the statutory maximum, and he does not now argue the contrary. Since § 212(c) relief was not available to anyone who had served more than five years in prison, he knew that his plea made him ineligible for that relief.

[4] To the extent that Myrie's argument encompasses a claim of estoppel against the government, we must also reject it. Assuming *arguendo* that the government is subject to an estoppel, there is no proof of any governmental misrepresentation nor any governmental misconduct. *See DiPeppe*, 337 F.3d at 335.

### III.

Accordingly, for the reasons set forth above, we will deny Myrie's petition for

review.[5]

---

[5] As we noted at the outset, Myrie also argues that his conviction does not constitute an "aggravated felony" under the INA. Myrie first raised the issue of his aggravated felony conviction in his petition for writ of habeas corpus; it was not presented to the Immigration Judge or the BIA. "An alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim." Since Myrie did not raise his aggravated felony claim before the IJ or the BIA, we have no jurisdiction to address it here. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-5 (3d Cir. 2003).